IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ELROY TILLMAN,<br><br>        Petitioner,<br><br>v.<br><br>STATE OF UTAH,<br><br>        Respondent. | **MEMORANDUM DECISION &<br>ORDER GRANTING MOTION TO<br>DISMISS HABEAS PETITION**<br><br>Case No. 2:19-CV-374-CW<br><br>District Judge Clark Waddoups |

      Petitioner, Elroy Tillman, seeks habeas-corpus relief under 28 U.S.C.S. § 2241 (2020). He is serving a life sentence on a murder charge. (ECF No. 1, at 1.) Petitioner's only serious claim is that the Utah Board of Pardons and Parole's (BOP's) decision that he must serve natural life in prison violates a Utah statute, Utah Code Ann. § 76-3-401(8)(a) (2021), requiring BOP to treat consecutive incarceration terms exceeding thirty years as though (in certain situations) the maximum sentence is thirty years. (ECF No. 1.) Respondent moves for dismissal. (ECF No. 7.) Petitioner opposes the motion.[1] (ECF No. 10.)

## ANALYSIS

      Section 2241 reads in pertinent part: "The Writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.S. § 2241(c)(3) (2020). Section 2241 petitions "are used to attack the execution of a sentence, in contrast to § 2254 habeas . . . proceedings, which are used to

---

[1] Petitioner's opposition inappropriately strays into other possible challenges to his conviction and sentencing. However, the Court does not address those further as they were not asserted in the petition.

collaterally attack the validity of a conviction and sentence." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (citations omitted).

Petitioner asserts BOP breached Utah statute by deciding that he will serve out his life sentence. This alleged violation based on state law does not raise a federal issue, as required. The Supreme Court has repeatedly emphasized "that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In habeas review, a federal court is limited to deciding whether a conviction [or sentence] violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C.S § 2241 (2020)). Thus, Petitioner's claims--based on alleged violations of state statute--do not raise federal challenges and further federal habeas review is unwarranted. *See Larson v. Patterson,* 2:09-CV-989-PMW, 2011 U.S. Dist. LEXIS 3831, *5-6 (D. Utah Jan. 14, 2011) ("Petitioner's first argument that the trial court should have . . . dismissed the charges against him is based entirely on state law. . . . Therefore, this Court will not further consider this state-law-based argument."); *see also Scott v. Murphy*, 343 F. App'x 338, 340 (10th Cir. 2009) (rejecting petitioner's . . . claim that "involve[d] purely matters of state law.").

Even if the Court were to read into Petitioner's argument an allegation that BOP violated his federal due process rights by misapplying Utah statute,[2] it would avail him nothing. "[A] habeas applicant cannot transform a state law claim into a federal one merely by attaching a due process label. Otherwise, 'every erroneous decision by a state court on state law would come [to the federal court] as a federal constitutional question.'" *Leatherwood v. Allbaugh*, 861 F.3d 1034,

---

[2]Petitioner appears to invite this in his Request for Relief, where he states, "The federal and state due process of the law demands that this court of Utah order the Petitioner Elroy Tillman's immediate release from his present illegal confinement at the Utah State Prison in Draper, Utah." (ECF No. 1, at 8.)

1043 (10th Cir. 2017) (quoting *Gryer v. Burke*, 334 U.S. 728, 731 (1948)); *see also Griffin v. Scnurr*, 640 F. App'x 710, 717 (10th Cir. 2016) ("Although Mr. Griffin has attempted to repackage his jury instruction arguments into a due process claim on federal habeas review, we are unable to find any suggestion of the due process component of this claim in his direct appeal briefing before the [state court of appeals].").[3]

## MOTION FOR APPOINTED COUNSEL

Petitioner also moves the Court to request an attorney to represent him free of charge.

There is no constitutional right to counsel in habeas proceedings. *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Moreover, because no evidentiary hearing is required here, Petitioner has no statutory right to counsel. *Cf*. Rule 8(c), R. Governing § 2254 Cases in U.S. Dist. Courts. However, the Court may in its discretion, *Swazo v. Wyo. Dep't of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994), appoint counsel when "the interests of justice so require" for a "financially eligible person" bringing a § 2241 petition. 18 U.S.C.S. § 3006A(a)(2)(B) (2020).

In deciding, the Court considers the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). Ultimately, Petitioner has the burden "to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal

---

[3] It is true that the United States Supreme Court has suggested that, in rare circumstances, a determination of state law can be "'so arbitrary or capricious as to constitute an independent due process . . . violation.'" *Cummings v. Sirmons*, 506 F.3d 1211, 1237 (10th Cir. 2007) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). However, this is not the true kernel of Petitioner's argument, nor would it be at all persuasive if it were Petitioner's argument.

quotation marks omitted). And Petitioner has not carried his burden by showing any of the factors apply.

The Court's review of the proceedings persuades it that appointment of counsel is not warranted for this § 2241 case. First, Petitioner's claim very clearly lacks merit. Second, the nature of the issues raised here are not novel or complex. Finally, Petitioner does not show an inability to present his claim.

## CONCLUSION

The petition does not successfully argue that the execution of Petitioner's sentence violates the United States Constitution.

**IT IS THEREFORE ORDERED** that:

(1) Respondent's motion to dismiss is **GRANTED**. (ECF No. 7.)

(2) A certificate of appealability is **DENIED**.

(3) Petitioner's motion for appointed counsel is **DENIED**. (ECF No. 9.)

(4) The Clerk of Court is directed to **CLOSE** this action.

DATED this 8th day of March, 2021.

BY THE COURT:

JUDGE CLARK WADDOUPS
United States District Court